UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SMITH ET AL | CIVIL ACTION |
| VERSUS | NO: 21-1409 |
| DOMILISE ET AL | SECTION: "J" |

### ORDER & REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 5)** filed by Plaintiffs, Vera Smith ("Smith") and Thomanika Walker ("Walker") (collectively "Plaintiffs") and a *Notice of Removal* filed by Defendants, Gerard Domilise ("Domilise"), Vanliner Insurance Company ("Vanliner"), and John Fayard Moving and Warehousing, LLC ("Fayard Moving") (collectively "Defendants"). Having considered the motion and legal memoranda, the record and applicable law, the Court finds that the motion should be **DENIED.**

### FACTS AND PROCEDURAL BACKGROUND[1]

This case arises out of an automobile accident that occurred on June 19, 2020. Plaintiffs were traveling eastbound on U.S. Highway 90 Business in Orleans Parish. The left rear-end of Plaintiff's vehicle was struck by another vehicle operated by Domilise, as it merged into the lane occupied by Plaintiffs. Fayard was the owner of the vehicle driven by Domilise, and insured it with Vanliner. Plaintiffs bring claims

---

[1] The facts regarding the accident and Plaintiff's claims are taken primarily from Plaintiff's state court petition for damages. (Rec. Doc. 1-6).

1

for liability against Domilise for negligence. Plaintiffs bring the same claims against Vanliner by the terms and conditions of its insurance policy, and Fayard Moving under the doctrine of *respondeat superior*. Plaintiffs allege that Domilise acted in the course and scope of his employment at the time of the accident.

On June 3, 2021, Plaintiffs filed suit in the Civil District Court for Orleans Parish, claiming that the accident caused severe and debilitating injuries to both Smith and Walker. Plaintiffs do not name a specific amount of damages sought as permitted by Louisiana Code of Civil Procedure Article 893. Defendants assert Smith's particular injuries to be a variety of cervical spine and left shoulder afflictions. Plaintiffs propound that Smith "has pre-existing injuries [,]" but do not name them with specificity. To redress these injuries, Plaintiffs seek damages for pain and suffering, medical expenses, and lost wages. Smith alone seeks damages for property damage. Plaintiffs seek these damages for the past, present, and future. In their original petition, Plaintiffs do not state a precise monetary figure sought in the case, but rather request relief in the form of "an amount reasonably calculated to compensate Petitioners for their damages." Defendants filed their *Answer* (Rec. Doc. 1-6) on July 20, 2021 raising a number of defenses and requesting a jury trial. On July 23, 2021, Defendants removed the case to this Court. On August 23, 2021, Plaintiffs filed a *Motion to Remand* (Rec. Doc. 5) with the Court, to which Defendants filed an *Opposition* (Rec. Doc. 6) on August 31, 2021.

## PARTIES' ARGUMENTS

The question at hand is whether this Court has subject matter jurisdiction over this claim. The parties agree that diversity of citizenship between them exists. (Rec. Doc. 5 at 6). Therefore, the only issue before the Court is whether the amount in controversy exceeds $75,000 in value as required by 28 U.S.C. § 1332.

In their *Memorandum in Support of Motion to Remand* (Rec Doc. 5-1), Plaintiffs argue that Defendants failed to establish by a preponderance of the evidence that the amount in controversy exceeded $75,000. Plaintiffs point to a variety of cases in which parties with spinal injuries[2] received awards that did not exceed the monetary threshold supporting diversity jurisdiction. (Rec. Doc. 5-1 at 6-7). Plaintiffs argue that their refusal to sign a stipulation, enter into a settlement, or demand a jury trial, do not evidence their claim being worth greater than $75,000. (Rec. Doc. 5-1 at 5-6). Plaintiffs further claim that "while this Court may consider" an affidavit limiting their recovery to less than $75,000, their refusal to sign such a document "is not dispositive" for the purposes of remand. (Rec. Doc. 5-1 at 6).

In their *Opposition to Motion to Remand*, Defendants argue that Smith's damages meet the requisite amount for subject matter jurisdiction and remove Walker's claims to this Court via supplemental jurisdiction as allowed by 28 U.S.C. § 1367. (Rec. Doc. 6 at 2). Defendants do not raise a specific monetary value for Smith's

---

[2] Two of the cases cited involved injured parties with pre-existing back injuries that were not considered in the calculation of their awards. *See Payne v. Fimiano*, 489 So.2d 332 (La. App. 4 Cir. 1986); *Dunomes v. Plaquemines Parish Gov't*, 24 So.3d 242 (La. App. 4 Cir. 2009).

3

injuries. (Rec. Doc. 6 at 2). Instead, Defendants point to examples of damages awards[3] which indicate that Smith's combined damages likely exceed $75,000. (Rec. Doc. 6 at 3). Defendants also mention that Plaintiffs failed to sign a stipulation that their claim is worth less than $75,000. (Rec. Doc. 6 at 2).

## LEGAL STANDARD

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). The amount in controversy required by § 1332(a) is currently $75,000. *Id.* The Court considers the jurisdictional facts that support removal as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Because removal raises significant federalism concerns, any doubt about the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

When the petition is silent on the exact amount of claimed damages, the removing party bears the burden of proving "by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002). The removing party can satisfy this burden either: "(1) by demonstrating that it is 'facially apparent' from the petition that the claim

---

[3] Defendants point to cases concerning shoulder injuries resulting in $50,000-55,000 in damages awards and spinal injuries resulting $80,000-150,000 in damages awards. (Rec. Doc. 6 at 3).

4

likely exceeds $75,000 or (2) by setting forth *the facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

Once the removing party has proven the amount in controversy is likely to exceed the diversity threshold, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."[4] *De Aguilar v. Boeing Co.* (*De Aguilar II*), 47 F.3d 1404, 1412 (5th Cir. 1995) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). This legal certainty exists where the party seeking remand can point to a stipulation or affidavit in his original petition indicating his claim is not worth more than $75,000. *Id.* Alternatively, a citation in the original petition indicating a statutory bar on an award exceeding $75,000 for the given claim might also achieve the same effect. *Id.* Regardless, proving legal certainty is not a burden-shifting exercise, and so the evidence in support thereof "must be known at the time [the party seeking a damages award] files the complaint." *Id.*

## DISCUSSION

Here, the Defendants have proven by a preponderance of the evidence that the amount in controversy is sufficient for this Court to have diversity jurisdiction over the matter. Plaintiffs argue that Defendants failed to meet this evidentiary standard,

---

[4] The court in *De Aguilar II* acknowledged that the "legal certainty" standard would generally be inapplicable to "atypical" prayers for relief that contain indeterminate amounts of sought damages awards. 47 F.3d at 1409. However, "once the defendant has proven an adequate jurisdictional amount by a preponderance of the evidence, the situation becomes analogous to the "typical" circumstances in which the *St. Paul Mercury* "legal certainty" test is applicable." *Id.* at 1412.

5

and that any damages award for their injuries would likely not be worth more than $75,000. (Rec. Doc. 5-1 at 5-7). Defendants argue that Plaintiff Smith's injuries alone would likely result in a damages award in excess of $75,000. (Rec. Doc. 6 at 3).

In *McDonald v. Target Corp. of Minn.*, this Court held that herniated cervical disc, neural foraminal stenosis of the cervical spine, and ongoing pain, likely generated awards in excess of $75,000, even without the need for surgery. No. 11-598, 2011 WL 2160495 at *1 (E.D. La. June 1, 2011). Further jurisprudence indicates that in cases where a plaintiff has herniated and bulged discs, and seeks both general and special damages, the removing party has met their burden of proving diversity jurisdiction is proper. *See Thomas v. Louis Dreyfus Commodities, LLC*, No. 15-394, 2016 WL 1317937 at *5 (M.D. La. March 11, 2016).

Here, Plaintiff Smith has suffered multiple disc herniation and disc bulging among other cervical spine injuries. (Rec. Doc. 6 at 2). Smith also suffered fraying in her left shoulder that may be positive for further diagnoses (Rec. Doc. 6 at 2). Smith has accrued $8,908 in "past and future medical special damages" (Rec. Doc. 5-1 at 7), but is still treating for her injuries. (Rec. Doc. 6 at 2). Smith has not undergone any surgery; however, her physician is considering performing multiple steroidal injections and further testing of her shoulder. (Rec. Doc. 6 at 2). Smith seeks general damages, special medical damages, and lost wages. (Rec. Doc. 6 at 2).

Defendants' interpretation of Louisiana jurisprudence is accurate that where only a single spinal disc is herniated, and there is no recommendation for surgery, damages awards still often reach the $50,000-$60,000 range. *See, e.g., Thomas*, 2016

6

WL 1317937 at *5. Cases cited by Plaintiffs are simply not factually comparable to Smith's injuries, and all involve single disc herniation among a variety of other spinal diagnoses or pre-existing conditions. (Rec. Doc. 5-1 at 6-7). Here, Plaintiff Smith has suffered a wider array of injuries, and is still treating for them. (Rec. Doc. 6 at 2-3). While Smith has not undergone any surgery, the cost of other treatments, as well as the scope of damages she alleges, would likely generate an award greater than $75,000. For this reason, Defendants have established that the amount in controversy necessary for diversity jurisdiction is met by a preponderance of the evidence.

Plaintiffs' only remaining challenge to diversity jurisdiction is to establish with "legal certainty" that their claim is worth less than $75,000. *De Aguilar II*, 47 F.3d at 1412. Plaintiffs must point to some evidence in their original state court filing which would indicate that their claim cannot be worth more than $75,000 in fact. *See id.* Plaintiffs have not explicitly made this challenge, nor have they referred to any such evidence that would satisfy this evidentiary requirement.

Because jurisprudence on injuries like Smith's demonstrates that damages likely exceed $75,000, removal to this Court through diversity jurisdiction is proper. Walker's claims are also properly removed through supplemental jurisdiction.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Remand* **(Rec. Doc. 5)** is hereby **DENIED.**

New Orleans, Louisiana, this 7th day of October 2021.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE